# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHAD M. WILLIAMS, ) | |
| ) | No. 2:23-cv-01235-RJC-CBB |
| Plaintiff, ) | |
| ) | |
| vs. ) | Judge Robert J. Colville |
| ) | Magistrate Judge Christopher B. Brown |
| JOHN E. WETZEL, FORMER SEC. PA. ) | |
| DEPT OF CORR.; GEORGE LITTLE, ) | |
| FORMER SEC. PA. DEPT OF CORR.; ) | |
| LAUREL R. HARRY, SEC. PA'S DOCS; ) | |
| ERIC T. ARMEL, FORMER ) | |
| SUPERINTENDENT, SCIF; TINA ) | |
| WALKER, SUPERINTENDENT ) | |
| SCIFAYETTE; JOSEPH TREMPUS, ) | |
| FORMER DEPUTY SUPT.; MICHAEL ) | |
| TKACS, MARTIN SWITZER, DEPUTY ) | |
| SUPT. C/S; JOSHUA POSKA, MAJOR OF ) | |
| GUARD; MIKE HOWARD, F-BLOCK ) | |
| UNIT MANG.; CAPTAIN NEWMAN, B. A. ) | |
| KING, SERGEANT; CEKADA, ) | |
| CORRECTION OFFICER; ROBERT ) | |
| HAWKINBERRY, MAJOR OF UNIT ) | |
| MANG.; DEBRA HAWKINBERRY, ) | |
| CORRECTIONS CLASSIFICATION ) | |
| PROGRAM MANG.; JOHN DOE 1, ) | |
| RESTRICTED HOUSING UNIT C/O; ) | |
| JOHN DOE 2, RESTRICTED HOUSING ) | |
| UNIT C/O; JOHN DOE 3, RESTRICTED ) | |
| HOUSING UNIT LIEUTENANT; ) | |
| HALKIAS, CORRECTION OFFICER; B. ) | |
| RUDZIEWSKI, HEARING EXAMINER; ) | |
| WINKLEMAN, CORRECTION OFFICER; ) | |
| PEACHECK, CORRECTION OFFICER; ) | |
| LOIS ALLEN, M. BROWN, CORRECTION ) | |
| OFFICER; ) | |
| ) | |
| Defendants. ) | |
| ) | |

1

**ORDER OF COURT**

Pending before the Court is a Motion to Dismiss (ECF No. 51) Plaintiff's Amended Complaint (the "Complaint"), filed by Defendants. On November 12, 2024, the Honorable Christopher B. Brown issued a Report and Recommendation (ECF No. 64) in which he recommended that the Court grant in part and deny in part Defendants' Motion, and dismiss all claims against all Defendants with prejudice, except for Plaintiff's First Amendment retaliation claim and related § 1983 civil conspiracy claim against Defendants Howard, King, and Newman. Objections to Judge Brown's Report and Recommendation were due by January 17, 2025. ECF No. 66. On January 7, 2025, Plaintiff filed an Objection to the Report and Recommendation (ECF No. 69). On January 21, 2025, Defendants filed a Response to the Objection (ECF No. 70). The matter is now ripe for disposition.

I.  **Legal Standard**

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id*. "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470

2

U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. Discussion

Initially, upon review of Judge Brown's November 12, 2024 Report and Recommendation, Plaintiff's Objections and the relevant briefing, and Defendant' Response to the Objection, as well as a review of the entire record in this matter, the Court agrees with the well-reasoned analysis set forth in Judge Brown's Report and Recommendation. Judge Brown recommends granting in part and denying in part Defendants' Motion to Dismiss, and dismissing all claims against all Defendants with prejudice, except for Plaintiff's First Amendment Retaliation and related § 1983 conspiracy claims against Defendants Howard, King, and Newman. Following de novo review of Plaintiff's Objection, for the foregoing reasons, the Court finds the following objections to the Report and Recommendation lack merit.

### A. Personal Involvement

Plaintiff raises objections to Judge Brown's finding that Defendants Wetzel, Little, Harry, D. Hawkinberry, R. Hawkinberry, Allen, Trempus, Tkacs, Peacheck, Armel, Walker, Brown,

3

Howard, King, Newman, and Rudziewski lacked sufficient involvement in this matter for liability to attach to them.

**(i)     Defendants Wetzel, Little, and Harry**

Plaintiff argues that the allegations in his Complaint show that Wetzel, Little, and Harry had knowledge by virtue of their role in setting policy and because of Plaintiff's complaints and remedy forms. ECF No. 69 at 3. However, Plaintiff ignores altogether Judge Brown's well-reasoned analysis of the applicable legal standard. As Judge Brown notes, "there is no indication that Wetzel, Little, or Harry received or reviewed any of his submissions" or "had knowledge of a prior pattern of similar incidents, nor specific inaction by any of them that could be interpreted as encouraging their subordinates' actions." ECF No. 64 at 14. Plaintiff offers no new allegations to support a finding that meets this standard.

**(ii)    Defendants R. Hawkinberry, D. Hawkinberry, and Allen**

Plaintiff claims that Robert Hawkinberry, as a sitting member of Plaintiff's misconduct hearing and as the recipient of several requests to staff ("RTS"), had actual knowledge of misconduct, Debra Hawkinberry, as a recipient of several RTSs, and Lois Allen, as the one who responded to an RTS submitted to D. Hawkinberry, all had actual knowledge of misconduct. ECF No. 69 at 4–6. Judge Brown already considered these facts, and his well-reasoned analysis correctly points out that after-the-fact notice is not sufficient to establish personal involvement. ECF No. 64 at 15–18. Plaintiff's Objection repeats his initial contentions and provide no new basis to establish personal involvement by these Defendants.

**(iii)   Defendants Trempus, Tkacs, and Peacheck**

Plaintiff claims that Trempus had personal involvement because he responded to an RTS submitted to Defendant Armel; Tkacs had personal involvement because he was a member of the

4

Program Review Committee and had a role in setting policy; and Peacheck had personal involvement by virtue of his role in the misconduct report. ECF No. 69 at 6–7. Judge Brown's Report and Recommendation correctly questions which alleged facts support a finding respecting the harm that each individual allegedly caused Plaintiff. ECF No. 64 at 18–19. Plaintiff's Objection does not fill in these factual gaps.

### (iv) Defendants Armel, Walker, and Brown

Plaintiff argues that Armel had personal involvement by having actual knowledge obtained through the receipt of multiple RTSs. ECF No. 69 at 8. Walker also, purportedly, had personal involvement by having actual knowledge obtained through the receipt of multiple RTSs and, further, by virtue of being a sitting member of the Program Review Committee. ECF No. 69 at 9. And Defendant Brown, Plaintiff asserts, had personal involvement by working at the Restricted Housing Unit ("RHU") while Plaintiff was there. ECF No. 69 at 10. Judge Brown considered these facts, noting that Armel and Walker only received after-the-fact notice, which is insufficient to establish prior knowledge of earlier conduct. ECF No. 64 at 12–15. Judge Brown does not directly address the personal involvement of Defendant Brown, but because the only claim plausibly pled against Defendant Brown is the Sixth Amendment Right to Counsel claim, and the Report and Recommendation advises that the Sixth Amendment does not enter into civil cases, a finding of Defendant Brown's potential personal involvement is not material.

### (v) Defendants Howard, King, Newman, and Rudziewski

In his Objection, Plaintiff repeats his allegations against Defendants Howard, King, Newman, and Rudziewski. However, Judge Brown has already correctly recommended that the Court find that these Defendants had the requisite personal involvement for liability to attach. As such, the Court sees Plaintiff's allegations and the recommended course of action to be in

harmony, and will adopt Judge Brown's recommendation as to these Defendants. The Court notes that, although Defendants Howard, King, Newman, and Rudziewski were found to have sufficient Personal Involvement for liability to attach to them in this case, the Fourteenth Amendment Procedural Due Process claim was the only claim plausibly pled against Defendant Rudziewski. Therefore, because the Report and Recommendation advises that Plaintiff has not properly stated a Fourth Amendment Procedural Due Process claim and Plaintiff offers no objection to this recommendation, the Court's order will dismiss all claims against Defendant Rudziewski.

Accordingly, as to the question of Personal Involvement, the Court will overrule Plaintiff's Objection to the Report and Recommendation, and will approve and adopt the Report and Recommendation in its entirety.

### B. Eighth Amendment – Sexual Harassment

Plaintiff raises objections to Judge Brown's recommendation that the Eighth Amendment claim for sexual harassment be dismissed, arguing that the John Doe Defendants at the RHU and Defendant Halkias had personal involvement. ECF No. 69 at 10–11. This objection ignores the fact that Judge Brown's reasoned recommendation relies on the fact that the Complaint lacks allegations of sexual physical contact between Plaintiff and Defendants. ECF No 64 at 21. Plaintiff has proffered no such additional allegations in his Objection. Accordingly, as to the Eighth Amendment Sexual Harassment claim, the Court will overrule Plaintiff's Objection to the Report and Recommendation, and will approve and adopt the Report and Recommendation in its entirety.

### C. Access to the Courts

Plaintiff raises objections to Judge Brown's recommendation that the Access to the Courts claim be dismissed, arguing that Defendants withheld Plaintiff's active case files and refused to provide him with envelopes to submit court papers. ECF No. 69 at 11. This restates Plaintiff's original allegations from the Complaint, which have already been addressed by Judge Brown. ECF No. 38 at ¶¶ 72–76, 81–110; ECF No. 64 at 22–24. As the Report and Recommendation correctly finds, allegations that a case was "stymied, stalled, impeded and frustrated" are insufficient to state a claim for denial of access to the courts. ECF No. 64 at 24. Without facts detailing the impact this had on the various proceedings, Plaintiff has not properly stated a claim for denial of Access to the Courts. Accordingly, as to the Access to the Courts claim, the Court will overrule Plaintiff's Objection to the Report and Recommendation, and will approve and adopt the Report and Recommendation in its entirety.

### D. Sixth Amendment – Right to Counsel

Plaintiff objects to Judge Brown's Report and Recommendation respecting his Sixth Amendment Right to Counsel claim, repeating the claims in his Complaint that Defendants Brown and Cekada failed to provide him with state issued envelopes. ECF No. 69 at 12; ECF No. 38 at 30. This objection does not get to the heart of Judge Brown's reasoning, which is that the Sixth Amendment governs criminal matters, not civil lawsuits. ECF No. 64 at 30. Accordingly, as to the Sixth Amendment Right to Counsel claim, the Court will overrule Plaintiff's Objection to the Report and Recommendation, and will approve and adopt the Report and Recommendation in its entirety.

### E. Civil Conspiracy Under § 1985

Fourth, Plaintiff objects to the Report and Recommendation as to the Civil Conspiracy claim, arguing that Defendants intentionally singled him out for treatment different than that

received by those similarly situated, purposely targeted him as a member of a suspected class, and were motivated by a spiteful effort to retaliate, not a legitimate penological or state objective. ECF No. 69 at 13. This objection does not address Judge Brown's finding that Plaintiff's argument fails to allege sufficient facts to meet the class-based discrimination elements of a Civil Conspiracy claim. ECF No. 64 at 31. Accordingly, as to the § 1985 claim, the Court will overrule Plaintiff's Objection to the Report and Recommendation, and will approve and adopt the Report and Recommendation in its entirety.

### III.    Conclusions and Order of Court

For the reasons discussed above, the Court will grant in part and deny in part Defendants' Motion to Dismiss and overrule Plaintiff's Objection. Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's Objection (ECF No. 69) to Judge Brown's November 12, 2024 Report and Recommendation is overruled, and the Court approves and adopts the Report and Recommendation in its entirety as the opinion of the Court. Defendants' Motion to Dismiss (ECF No. 51) is granted in part and denied in part.

2. As to the First Amendment Retaliation claim and the related § 1983 conspiracy claim, Defendant's Motion to Dismiss is DENIED as to Defendants Howard, King, and Newman.

3. As to all remaining claims against all Defendants, the First Amendment Retaliation claim against all Defendants other than Howard, King, and Newman, and the related § 1983 conspiracy claim against all Defendants other than Howard, King, and Newman, Defendants' Motion to Dismiss is GRANTED.

4. All the remaining claims against all Defendants, the First Amendment Retaliation claim against all Defendants other than Howard, King, and Newman, and the related § 1983 conspiracy claim against all Defendants other than Howard, King, and Newman are hereby dismissed with prejudice.

5. Defendants Howard, King, and Newman shall file an Answer to the remaining claims in Plaintiff's Amended Complaint within 21 days of this Order.

          BY THE COURT:

          /s/ *Robert J. Colville*
          Robert J. Colville
          United States District Judge

Dated:  March 26, 2025

cc:    The Honorable Christopher B. Brown
       United States Magistrate Judge

       Rashad M. Williams
       QC3320
       SCI FAYETTE
       50 Overlook Drive
       LaBelle, PA 15450

       All counsel of record